332  L



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-3279
Re: Sheriff may not hold defendant
for costs in misdemeanor case
where judgment does not provide
for costs. Judgment may be
entered nunc pro tunc to pro-
vide for costs in misdemeanor
cases.

Your request for opinion has been received and care-
fully considered by this department. We are enclosing herewith
a copy of opinion No. O-3065 of this department which answers
your first question. Your second question is as follows:

"(2) If a man charged with theft, enters a
plea of guilty, and the County Judge, before and
to whom the plea of guilty is entered accepts
the plea of guilty and assesses the Punishment
at 90 days in Jail, and so enters the judgment
as that of 90 days, and no assessment is made
for the costs, the punishment and Judgment being
only for 90 days may the Sheriff, then without
judgment or order from the County Judge, hold
said person prisoner in the County Jail until
such time as would be needed had the costs been
assessed. The intent of the Court was that
the full punishment and costs would be included
in the 90 day sentence?"

Articles 783, 784, 785, 787, 788, 789, 792 and 793,
Vernon's Annotated Texas Code of Criminal Procedure, read as
follows:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Wayne Lefevre, Page 2

"Art. 783. When the defendant is only
fined the judgment shall be that the State of
Texas recover of the defendant the amount of
such fine and all costs of the prosecution,
and that the defendant, if present, be commit-
ted to jail until such fine and costs are
paid; or if the defendant be not present, that
a capias forthwith issue, commanding the sher-
iff to arrest the defendant and commit him to
jail until such fine and costs are paid; also,
that execution may issue against the property
of such defendant for the amount of such fine
and costs.

"Art. 784. If the punishment is any other
than a fine, the judgment shall specify it,
and order it enforced by the proper process.
It shall also adjudge the costs against the
defendant, and order the collection thereof
as in other cases.

"Art. 785. When the judgment against a
defendant is for a fine and costs he shall be
discharged from the same:

"1. When the amount thereof has been
fully paid.

"2. When remitted by the proper authority.

"3. When he has remained in custody for
the time required by law to satisfy the amount
thereof.

"Art. 787. When a judgment has been ren-
dered against a defendant for a pecuniary fine,
if he is present, he shall be imprisoned in
jail until discharged as provided by law. A
certified copy of such judgment shall be suffi-
cient to authorize such imprisonment.

"Art. 788. When a pecuniary fine has been
adjudged against a defendant not present, a
capias shall forthwith be issued for his arrest.

The sheriff shall execute the same by placing the defendant in jail.

"Art. 789.  Where such capias issues, it shall state the rendition and amount of the judgment and the amount unpaid thereon, and command the sheriff to take the defendant and place him in jail until the amount due upon such judgment and the further costs of collecting the same are paid, or until the defendant is otherwise legally discharged.

"Art. 792.  When a defendant has been committed to jail in default of the fine and costs adjudged against him, the further enforcement of such judgment shall be in accordance with the provisions of this Code.

"Art. 793.  When a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him, he may for such time as will satisfy the judgment be put to work in the workhouse, or on the county farm, or public improvements of the county, as provided in the succeeding article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at Three Dollars ($3.00) for each day thereof."  (Underscoring ours)

Article 794, Vernon's Annotated Texas Code of Criminal Procedure, reads in part as follows:

"Art. 794.  Where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine and costs adjudged against him, those so convicted shall

Honorable Wayne Lefevre, Page 4

be required to do manual labor in accordance
with the provisions of this article under the
following rules and regulations:

". . . ."

Article 797, Vernon's Annotated Texas Code of
Criminal Procedure, reads as follows:

"Art. 797. A defendant who has remained
in jail the length of time required by the judg-
ment shall be discharged. The sheriff shall
return the copy of the judgment, or the capias
under which the defendant was imprisoned, to
the proper court, stating how it was executed."
(Underscoring ours)

We quote from American Jurisprudence, Vol. 14,
page 70, as follows:

"Where the statute requires that a judg-
ment for costs be rendered against the defen-
dant on conviction, it seems that no other
judgment may be properly entered by the court;
and it has been held that the court may amend
a judgment of conviction nunc pro tunc, even
after the close of the term, so as to charge
the defendant with costs as required by stat-
ute." (Citing the case of Villines v. State,
105 Ark. 471, 151 S. W. 1023, 43 L. R. A.
(N. S.) 207.)

We quote from 12 Texas Jurisprudence, pages 713-
4-5-6, as follows:

"| 352 - Nunc Pro Tunc Entry - In General

"'If there is a failure from any cause
whatever to enter judgment and pronounce sen-
tence during the term, the judgment may be
entered and sentence pronounced at any succeed-
ing term of the court, unless a new trial has
been granted, or the judgment arrested, or an
appeal has been taken.' (Art. 772, V.A.C.C.P.)
(Brackets ours.)

Honorable Wayne Lefevre, Page 5

"The court also has power independent of the statute to enter judgment nunc pro tunc.

". . . . The act applies and permits the entry of a nunc pro tunc judgment in cases where the judgment as originally entered does not in fact express the judgment rendered . . . . (Underscoring ours.)

"| 353 - Procedure - Effect

"To warrant the entry of a judgment or sentence nunc pro tunc there must be proof that the proposed judgment or sentence was theretofore actually rendered or pronounced; but this proof may be made as well by parol as by record evidence.

"Notice of the proposed entry must be given to the accused; and in a felony case he must be present when the entry is made. . . . ."

It was the duty of the county judge to adjudge the costs against the defendant in the matter inquired about; however, this provision was apparently omitted from the judgment inadvertantly. Nevertheless the sheriff who is required to execute the judgment must look to the provisions of the judgment and be guided thereby. The judgment could clearly be corrected by a nunc pro tunc entry upon proper motion and proper notice.

We think the proper procedure in this matter would be to correct the judgment nunc pro tunc by proper proceedings so as to add the provision in the judgment adjudging costs against the defendant. Until this nunc pro tunc judgment was entered the sheriff would have no authority to hold the defendant for costs.

Very truly yours

APPROVED MAR 28, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

WJF:CC

ENCLOSURE

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY *BCG*
CHAIRMAN